UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**NIGHT BOX FILED**

JUL 2 3 2004

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

COMMODITY FUTURES TRADING
COMMISSION,

Plaintiff,

v.                                    CASE NO: 04-21346-CIV-LENARD

STERLING TRADING GROUP, INC.,
UNIVERSAL FX, INC., STG GLOBAL
TRADING, INC., QIX, INC., GRAYSTONE
BROWNE FINANCIAL INC., JOSEPH
ARSENAULT, AND ANDREW STERN

Defendants.
_____/

## DEFENDANTS' JOINT
## MOTION TO DISMISS COMPLAINT

Pursuant to Rules 12(b)(1) and (b)(6), Fed. R. Civ. P., and Local Rule 7.1, S. D. Fla. L. R., Defendants Sterling Trading Group, Inc., ("Sterling"), Universal FX, Inc. ("Universal"), STG Global Trading, Inc. ("STG"), QIX, Inc. ("QIX"), Graystone Browne Financial Inc. ("Graystone"), Joseph Arsenault ("Arsenault"), and Andrew Stern ("Stern") (collectively "Defendants") hereby move to dismiss the Complaint of Plaintiff Commodity Futures Trading Commission ("CFTC") for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. In the alternative, Defendants move for a more definite statement pursuant to Rule 12(e), Fed. R. Civ. P.

The CFTC brought claims against Defendants for supposed violations under the Commodities Exchange Act (CEA) and CFTC regulations in connection with foreign currency transactions. All alleged claims can, and should, be dismissed as a matter of law for lack of

1

HOMER & BONNER P.A.
THE FOUR SEASONS TOWER 1441 BRICKELL AVENUE SUITE 1200 MIAMI FL 33131
TELEPHONE (305) 350-5100



subject matter jurisdiction and or failure to state a claim upon which relief may be granted. Alternatively, the CFTC should be ordered to restate the claims.

Congress limited the CFTC's jurisdiction with respect to foreign currency transactions to futures contracts. The CFTC's jurisdiction does not extend to "spot" foreign currency transactions. The transactions alleged to be at issue in Counts I, II, and part of III are not futures contracts, but spot foreign currency transactions. The CFTC thus lacks jurisdiction over any of the alleged transactions at issue in those counts. Therefore, Counts I, II and that part of Count III alleging transactions in supposed futures contracts can and should be dismissed as a matter of law.

Congress further circumscribed the CFTC's jurisdiction over foreign currency transactions by exempting certain identified entities from regulation. One of the exempted entities is an affiliated person of an Futures Commission Merchant (FCM). Defendants Universal and QIX are alleged to have made all the foreign currency transactions in this case. Both Universal and QIX are affiliated persons of FCMs, both as they are identified in the Complaint and as a matter of fact. The CFTC thus has no jurisdiction over the transactions at issue and, on this basis, the alleged claims can and should be dismissed as a matter of law.

Congress further limited the CFTC's jurisdiction to apply only to a limited list of sections under the CEA. Those sections do not include any of the claims the CFTC alleges in Counts II or III, the CFTC's alleged Control Person claims (which are improperly alleged in all four counts), or the CFTC's alleged Principal/Agent Claims (which are improperly alleged in Counts I and II). On this additional basis, the alleged claims under those sections can, and should, be dismissed as a matter of law.

The CFTC further fails to allege a claim upon which relief can be granted in Count IV. Count IV alleges a claim under 7 U.S.C. § 6c(b) for the supposed violation of CFTC Regulation § 32.11(a). The CFTC can prevail on a claim under 7 U.S.C. § 6c(b) only where there is a predicate violation of a CFTC regulation. The regulation the CFTC purports to rely on in Count IV, § 32.11(a), has never applied to foreign currency transactions, and the CFTC has no authority either from Congress or under the language of 7 U.S.C. § 6c(b) to apply that regulation to foreign currency transactions. Accordingly, the CFTC has stated no claim upon which relief can be granted in Count IV, and the claim can and should be dismissed.

Finally, although the Complaint alleges four counts, the CFTC has attempted to assert more than a dozen separate claims against Defendants. This commingling of a separate claims is impermissible under Rule 10(b), Fed. R. Civ. P. Moreover, the individual claims lack alleged key elements needed to support the alleged Control Person and Principal/Agent claims. The commingled claims therefore should be dismissed, or alternatively, the CFTC should be required, to the extent the claims survive the substantive grounds for dismissal (which they do not), to restate the commingled claims in separate counts.

WHEREFORE, for the reasons discussed herein and in Defendants' Memorandum of Law in support of this motion, Defendants respectfully request that this Court dismiss the CFTC's Complaint, and all claims alleged therein, as a matter of law for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. In the alternative, to the extent any claim survives the substantive grounds for dismissal (which they do not), this Court should enter an order requiring the CFTC to restate its alleged claims.

Respectfully submitted:

HOMER & BONNER, P.A.
Attorneys for Defendant Andrew Stern
The Four Seasons Tower
1441 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 350-5100
Telecopier: (305) 372-2738
Email: cking@homerbonner.com

By: _____
R. Lawrence Bonner
Florida Bar No. 304328
Christopher King
Florida Bar No. 0123919

and as local counsel for

By: _____
Ted S. Helwig, Esq.
Michael J. Tiffany, Esq.
David J. Stagman, Esq.
KMZ Rosenman
Attorneys for Defendants: QIX, Inc. and
Universal FX, Inc.
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661
Telephone: (312)902-5537
Fax: (312)577-8976

By: _____
Jeffrey S. Rosen, Esq.
Dilworth Paxson, LLP
Attorney for Defendants: Joseph Arsenault,
Sterling Trading Group, Inc., STG Global
Trading, Inc., and Graystone, Browne
Financial, Inc.
1818 N Street NW, Suite 400
Washington, DC 20036

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via facsimile and U.S. mail this 23rd day of July, 2004, to: Peter M. Haas, Esq., Eugene Smith, Esq., Ghassan Hitti, Esq., Counsel for Plaintiff, Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, DC 20581, Fax (202) 418-5523.

                                                Christopher King

G:\Clients\41167\001\Pleadings\Mot to Dismiss.doc